IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GAYLE KNOTT | ) | |
| | ) | |
| v. | ) | NO: 3:16-3025 |
| | ) | |
| OCWEN LOAN SERVICES, LLC | ) | |

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

By Order entered December 1, 2016 (Docket Entry No. 3), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment filed by Defendant Ocwen Loan Servicing, LLC. *See* Docket Entry No. 23. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gayle Knott ("Plaintiff") is a resident of Davidson County, Tennessee. She filed this *pro se* lawsuit on November 23, 2016, against Ocwen Loan Servicing, LLC ("Ocwen"), asserting a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Specifically,

Plaintiff alleges that Ocwen communicated with her on July 17, 2016, about notice of a debt by sending her a mortgage account statement. *See* Amended Complaint (Docket Entry No. 16) at ¶ 4.[1] She alleges that she then sent Ocwen a qualified written request for validation of the debt on August 3, 2016,[2] but that Ocwen failed to validate the debt and continued to send her mortgage account statements in an attempt to collect on the debt. *Id*. at ¶¶ 5-8. Plaintiff contends that Ocwen is a debt collector under the FDCPA and that its actions violated the requirements set out in 15 U.S.C. § 1692g(b), which required Ocwen to cease its debt collection efforts until it validated the debt. *Id*. at ¶¶ 10-13. Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k.

Ocwen initially filed a motion to dismiss, which was denied as moot when Plaintiff was granted leave to amend her complaint. *See* Order entered February 24, 2017 (Docket Entry No. 15). Upon the filing of an answer by Ocwen, a scheduling order was entered providing for a period of pretrial activity. *See* Docket Entry Nos. 19 and 20. Ocwen filed the instant motion for summary judgment on July 6, 2017. Docket Entry No. 23. Subsequently, Ocwen requested to file a reply to its own motion for summary judgment, which the Court permitted it to do. *See* Docket Entry Nos. 27-29. As noted, Plaintiff has not responded to Ocwen's motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT

Ocwen asserts that it is the owner or servicer of a home loan and mortgage for which Plaintiff is the debtor. *See* Memorandum in Support (Docket Entry No. 24) at 2. Ocwen contends that it sent

---

[1] As an exhibit supporting this allegation, Plaintiff attached a copy of a mortgage account statement, dated August 17, 2016, to her Amended Complaint. *See* Exhibit A-1 to Amended Complaint at 5-8.

[2] *See* Docket Entry No. 1-1.

a notice of default letter to Plaintiff about the debt on September 9, 2015, which informed Plaintiff of her right to dispute the debt, but that Plaintiff did not send Ocwen a written request for verification of the debt until nearly a year later, well beyond the thirty-day window for making a timely written request. *Id*. Ocwen contends that it complied with the provisions of 15 U.S.C. § 1692g, that Plaintiff's failure to send a timely written request foreclosed her opportunity to request verification of the debt from Ocwen, and that Ocwen's subsequent communications with Plaintiff neither violated the FDCPA nor constituted a "new" notice of debt letter that entitled Plaintiff to seek debt verification. *Id*. at 4-7. In support of its motion, Ocwen filed the underlying promissory note, deed of trust and assignment of the deed of trust (Docket Entry No. 23-1, 23-2, and 23-3), the September 9, 2015, Notice of Default letter (Docket Entry No. 23-4), a July 18, 2016, Delinquency letter (Docket Entry No. 23-5), and a Statement of Undisputed Material Facts (Docket Entry No. 25).

By Order entered July 10, 2017, Plaintiff was notified of the motion for summary judgment, given a deadline of August 18, 2017, to file a response, and warned that her failure to respond could result in the dismissal of the action. *See* Docket Entry No. 26. To-date, Plaintiff has not filed a response of any type.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need

for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present affirmative evidence supporting the claims asserted by the party. *See Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003); *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003).

### IV. ANALYSIS

As the Sixth Circuit Court of Appeals explained in *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007):

> Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "Congress designed the [FDCPA] to 'eliminate the recurring

4

problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988) (quoting S.Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

503 F.3d at 508. To achieve this goal, the FDCPA provides in relevant part that consumers have the right to receive several types of information about their debts, such as the amount of the debt, the name of the debt holder, and notice that if the debt is not challenged within thirty days, the debt will be assumed valid. 15 U.S.C. § 1692g(a). If the consumer disputes the debt within thirty days of receiving the written notice of the debt, the debt collector must stop any collection activities and communication efforts until the debtor receives verification of the debt or a copy of the judgment. 15 U.S.C. § 1692g(b).

In the instant action, Ocwen has set forth unrebutted evidence and valid legal arguments showing that its actions were in compliance with the FDCPA and that Plaintiff's claim that it violated 15 U.S.C. § 1692g(b) is unsupported by any evidence. In the face of the affirmative evidence from Defendant Ocwen, Plaintiff cannot merely rest on allegations contained in her pleadings, but must respond with affirmative evidence supporting her claims and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Plaintiff has not countered the factual and legal arguments for summary judgment made by Ocwen and has not shown that genuine issues of material fact exist in the action that require that the motion for summary judgment be denied.

Although Plaintiff's status as a *pro se* litigant requires the Court to view her filings with some measure of liberality, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Court is not required to supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on her behalf. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). *See also Brown v. Matauszak*, 415 Fed.App'x 608, 613 (6th Cir. 2011); *Payne v. Secretary of Treas.*, 73 Fed.App'x 836, 837 (6th Cir. 2003). Additionally, Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379–80 (6th Cir. 2007). In the end, Plaintiff simply has not produced evidence that would permit a reasonable jury to find in her favor if her FDCPA claim was to proceed to trial. As such, Ocwen is entitled to summary judgment in its favor.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 23) of Defendant Ocwen Loan Servicing, LLC, be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*,

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      Respectfully submitted,

      BARBARA D. HOLMES
      United States Magistrate Judge